# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BOARD OF TRUSTEES OF THE GLAZING HEALTH AND WELFARE FUND, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>ALEUT FACILITIES SUPPORT SERVICES, *et al.*,<br><br>Defendants. | Case No. 2:16-cv-02297-APG-PAL<br><br>**ORDER GRANTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>(ECF No. 33) |

Plaintiffs are the boards of trustees of various collectively bargained multi-employer employee benefit plans (the "Trusts"), which are subject to the Employee Retirement Income Security Act (ERISA). ECF No. 1 at 5. The Trusts previously filed a lawsuit in this court against Accuracy Glass & Mirror Company, Inc. under ERISA and the Labor Management Relations Act (LMRA). The Trusts alleged in that case that Accuracy had failed to make contributions to the Trusts as required under a collectively bargained agreement between the International Union of Painters and Allied Trades, District Council 15; Glaziers, Architectural Metal and Glassworkers' Local Union 2001; and the Glazing Contractors' Association of Nevada (of which Accuracy was a member). *Id.* at 11-12. The Trusts prevailed in that action, with the court entering judgment in their favor on May 27, 2016. *Id.* at 12.

The Trusts then brought this action to recover from other parties contributions that Accuracy failed to pay for a different time period than reflected in the prior judgment. For example, defendant Western Surety had issued a bond to Accuracy. *Id.* at 12-13. The Trusts contend Western must pay on the bond for Accuracy's delinquencies. *Id.* at 13. The other defendants are either (1) companies who hired Accuracy to perform the work that gave rise to Accuracy's indebtedness or (2) companies who issued bonds to the companies who hired Accuracy. *Id.* at 13-14. Accuracy is not a defendant in this case. The Trusts assert state law

claims against the defendants for payment of labor indebtedness under Nevada Revised Statutes § 608.150 and payment on the bonds under Nevada Revised Statutes § 624.273. *Id.* at 14-15.

Defendants City Center Holdings, LLC and Mandarin Oriental Las Vegas, LLC move to dismiss the case for lack of subject matter jurisdiction. These defendants argue that although the complaint mentions ERISA and the LMRA as jurisdictional bases, it does not allege that any defendant has liability under ERISA or a labor contract with the plaintiffs. Rather, these defendants argue, the only claims asserted are state law claims. The defendants contend that subject matter jurisdiction in the complaint is thus predicated solely on supplemental jurisdiction based on the prior lawsuit against Accuracy. But, they contend, without at least one claim over which the court has subject matter jurisdiction in this case (as opposed to the prior action against Accuracy), the court cannot exercise supplemental jurisdiction.

The Trusts respond by asserting that under § 608.150, the defendants are original promisors on the obligations giving rise to Accuracy's indebtedness. The Trusts also argue that supplemental jurisdiction is appropriate because this case is part of the same case or controversy as the Accuracy litigation. Finally, the Trusts contend that dismissal would not be fair or efficient because the case was filed against more than 50 defendants, only two of whom are moving to dismiss, and has proceeded as if the court had jurisdiction.

Title 28 U.S.C. § 1331 provides for original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." There are three potential grounds for federal question jurisdiction: (1) the plaintiff has asserted a federal claim in the complaint, meaning that federal law creates the cause of action; (2) under the artful pleading doctrine, one or more of the plaintiff's state law claims should be recharacterized as a federal claim; or (3) one or more of the plaintiff's state law claims "necessarily turn[s] on the construction of a substantial, disputed federal question." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 343 (9th Cir. 1996).

In the complaint, the Trusts assert jurisdiction in this court under ERISA and the LMRA, with supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a). ECF No. 1 at 4. As the party seeking to invoke federal jurisdiction, the Trusts bear the burden of establishing it

exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In their response brief, the Trusts do not explain how jurisdiction is predicated on the LMRA, so they have not met their burden of showing I have jurisdiction on that basis. I address below the parties' arguments regarding § 608.150, ERISA, and supplemental jurisdiction.

**A. Section 608.150**

The Trusts argue that under § 608.150, an original contractor is liable for the indebtedness for labor incurred by its subcontractors.[1] It is unclear what impact the Trusts believe this has on subject matter jurisdiction. If they are asserting that the defendants are liable as ERISA fiduciaries as a result of the operation of § 608.150 so that their claim arises under ERISA, then I disagree. Section 608.150 creates a "state law obligation to answer for [Accuracy's] debts." *Trustees of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (holding district court properly exercised supplemental jurisdiction over state law claim under § 608.150 where joined with an ERISA claim against the subcontractor that owed the ERISA contributions). The Trusts would have no means to collect from the defendants in this action but for Nevada state law. Accordingly, the Trusts' § 608.150 claim asserts a cause of action that was created by state law.

The Trusts agree that § 608.150 claims are not preempted by ERISA. *See* ECF No. 42 at 6-7; *see also United Ass'n of Journeymen & Apprentices of Plumbing & Pipefitting Indus. of U.S. & Canada AFL-CIO, Local No. 525 v. Grove Inc.*, 105 F. Supp. 2d 1129, 1130 (D. Nev. 2000) (stating a cause of action under § 608.150 seeks to enforce an "independent obligation created under the statute," and thus is not preempted by ERISA). Thus, the Trusts' § 608.150 claim should not be recharacterized as a federal claim.

Finally, the Trusts do not argue that their § 608.150 claim necessarily turns on the construction of a substantial, disputed federal question. Accordingly, the Trusts have not met

---

[1] Prior to recent amendments, § 608.150 provided that an "original contractor" assumes and is liable for its subcontractor's "indebtedness for labor" incurred while acting for the original contractor.

their burden of showing that their § 608.150 claim gives rise to federal question subject matter jurisdiction.

**B. Supplemental Jurisdiction**

In their response, the Trusts appear to concede that they assert subject matter jurisdiction on the theory that I should exercise supplemental jurisdiction based on the prior, closed case against Accuracy. However, controlling authority precludes me from doing so.

"Supplemental jurisdiction must be exercised in the same action that furnishes the basis for exercise of supplemental jurisdiction." *Ortolf v. Silver Bar Mines, Inc.*, 111 F.3d 85, 86 (9th Cir. 1997), *as amended on denial of reh'g* (June 10, 1997). As explained in *Ortolf*, the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), extends a federal court's power to exercise supplemental jurisdiction to "'all other claims that are so related to claims in the action' when a district court has original jurisdiction 'in any civil action.'" *Id.* "The phrases 'in any civil action' and 'in the action' require that supplemental jurisdiction be exercised in the same case, not a separate or subsequent case." *Id.* at 87; *cf. Herklotz v. Parkinson*, 848 F.3d 894, 898 (9th Cir. 2017) (holding that a "severed action must have an independent jurisdictional basis" and cannot "rely on the supplemental jurisdiction afforded by 28 U.S.C. § 1367(a)" once severed because "there is nothing left to supplement").

This is consistent with the United States Supreme Court's decision in *Peacock v. Thomas*, 516 U.S. 349 (1996). There, the plaintiff filed an ERISA action against his former employer, Tru-Tech, and a Tru-Tech officer and shareholder, D. Grant Peacock, for benefits due under the plan. *Peacock*, 516 U.S. at 351. The district court found the employer breached its fiduciary duties but that Peacock was not an ERISA fiduciary. *Id.* The district court thus entered judgment against the employer, and the Fourth Circuit affirmed. *Id.*

The plaintiff did not upon execute the judgment while the appeal was pending, and in the meantime Peacock settled Tru-Tech's accounts with various creditors, including himself. *Id.* at 351-52. The plaintiff's later collection efforts therefore were unsuccessful. *Id.* at 352.

The plaintiff then sued Peacock in federal court for conspiracy to prevent collection of the prior ERISA-related judgment, for fraudulent transfers, and to pierce the corporate veil. *Id.* The district court pierced the corporate veil and made Peacock liable on the prior judgment. *Id.* The Fourth Circuit affirmed, holding that the district court properly exercised ancillary jurisdiction[2] over the case. *Id.*

The Supreme Court reversed, holding that "[i]n a subsequent lawsuit involving claims with no independent basis for jurisdiction, a federal court lacks the threshold jurisdictional power that exists when ancillary claims are asserted in the same proceeding as the claims conferring federal jurisdiction." *Id.* at 355. That Court specifically rejected the Trusts' argument in this case that I may exercise supplemental jurisdiction based on the prior Accuracy litigation: "claims alleged to be factually interdependent with and, hence, ancillary to claims brought in an earlier federal lawsuit will not support federal jurisdiction over a subsequent lawsuit." *Id.* at 355; *see also id.* at 357 (stating the exercise of ancillary enforcement jurisdiction is inappropriate in "a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment").

Here, the Trusts have initiated a subsequent lawsuit asserting state law claims with no independent basis for subject matter jurisdiction. There is no claim establishing subject matter jurisdiction in this case, and I therefore cannot exercise supplemental jurisdiction because there is nothing to supplement.

As to the Trusts' fairness and efficiency arguments, once a federal court determines it lacks jurisdiction, it has no further power to act. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (quotation omitted); *see also Herklotz*, 848 F.3d at 897 (stating that "challenges to subject matter jurisdiction may be raised at any point,

---

[2] Congress enacted § 1367 to "codif[y] much of the common-law doctrine of ancillary jurisdiction as part of 'supplemental jurisdiction.'" *Peacock*, 516 U.S. at 354 n.5.

including for the first time on appeal"). Fairness and efficiency concerns cannot overcome a lack of subject matter jurisdiction. I therefore grant the defendants' motion to dismiss.

**C. Conclusion**

IT IS THEREFORE ORDERED that defendant City Center Holdings LLC and Mandarin Oriental Las Vegas LLC's motion to dismiss **(ECF No. 33) is GRANTED**. The complaint in this case is dismissed for lack of subject matter jurisdiction. The clerk of court is instructed to close this case.

DATED this 11th day of April, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE